NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JAMES RUSSUM, | No. 20-35774 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-02035-AA |
| v. | |
| KEVIN JACKSON, Acting Superintendent of Two Rivers Correctional Institution, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 6, 2021[**]
Portland, Oregon

Before: M. MURPHY,[***] PAEZ, and BENNETT, Circuit Judges.

A jury found Michael Russum guilty of four counts of Sodomy in the

first degree, Or. Rev. Stat. § 163.405. After, his convictions were affirmed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

on direct appeal, *State v. Russum*, 333 P.3d 1191 (Or. Ct. App. 2014), Russum filed a state-court petition for post-conviction relief. He asserted counsel was ineffective in eliciting at trial evidence the prosecution was precluded from adducing. *See generally State v. Southard*, 218 P.3d 104 (Or. 2009). *See also State v. Volynets-Vasylchenko*, 267 P.3d 206 (Or. Ct. App. 2011). Applying *Strickland v. Washington*, 466 U.S. 668 (1984), the state court found that trial counsel's decision to adduce the challenged testimony was strategic and, furthermore, determined trial counsel's strategic choice was reasonable.

After exhausting his state-court remedies, Russum brought the instant 28 U.S.C. § 2254 habeas petition, reasserting his claim of ineffective assistance of trial counsel. Applying the standards set out in 28 U.S.C. § 2254(d)(1) and (2), the district court denied relief. Russum appeals. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c),[1] this court affirms the denial of Russum's habeas petition.

1. The state post-conviction court found, as a matter of fact, that trial counsel made a strategic decision in adducing the evidence at issue. As the

---

[1] The district court granted Russum a certificate of appealability as to his claim of ineffective assistance of trial counsel. 28 U.S.C. § 2253(c)(1)(A), (c)(3).

2

federal district court correctly determined, the state court's factual finding is reasonable. *See id.* § 2254(d)(2). In particular, the state court's finding is supported by the following evidence: (1) trial counsel's affidavit; (2) the consistency between trial counsel's decision to adduce the testimony and his theory of defense, as set out in his opening and closing statement; and (3) record indications, in the form of an agreement by the prosecution not to adduce the challenged evidence, that trial counsel was aware the challenged evidence had the potential to be damaging.

The standard set out in § 2254(d) is exceedingly difficult to satisfy.

> [A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. . . . [E]ven if reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.

*Wood v. Allen*, 558 U.S. 290, 301 (2010) (internal quotations and alterations omitted); *Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014). Here, sufficient record evidence supports the state court's factual finding and, thus, even if this court would not have made the same finding, the state court's factual determination is not unreasonable. *Murray*, 745 F.3d at 999.

2. Having found that trial counsel's decision to introduce the challenged evidence was well-informed and strategic, the state post-conviction court further determined that trial counsel's decision was

3

reasonable. As the federal district court correctly determined, the state court's resolution of *Strickland*'s performance prong is reasonable. *See* 28 U.S.C. § 2254(d)(1). Even in the context of de novo review, *Strickland*'s performance prong is difficult to satisfy. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Id.* at 104 (internal quotations omitted). Under this deferential standard, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Here, the state court reasonably concluded that trial counsel's decision to elicit the challenged evidence, as part of an overall strategy of raising doubt about the objectivity of all the CARES-related evidence adduced by the prosecution at trial, was reasonable. Again, whether this court would have so determined if asked to resolve that question in the first instance is not determinative. Instead, the question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *See Harrington*, 562 U.S. at 105. The answer to that question is clearly "yes."

**AFFIRMED**.

4